No. 22-13713-D

In the

# United States Court of Appeals
## for the Eleventh Circuit

Autoliv Japan, LTD.,

*Defendant-Appellant*,

v.

Jamie Lee Andrews, as surviving spouse of Micah Lee Andrews,
and Jamie Lee Andrews, as administrator of the
Estate of Micah Lee Andrews,

*Plaintiffs-Appellees.*

On Appeal from the United States District Court for the
Northern District of Georgia, Atlanta Division.
No. 1:14-CV-03432-SCJ — Steve C. Jones, *Judge*

## REPLY BRIEF OF STATE OF GEORGIA

Christopher M. Carr
  *Attorney General of Georgia*
Logan B. Winkles
  *Deputy Attorney General*
Brooke H. Chaplain
  *Sr. Asst. Attorney General*
Andrew F. Dearing
  *Assistant Attorney General*

Office of the Georgia
Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3284
adearing@law.ga.gov
*Counsel for State of Georgia*

Autoliv Japan, Ltd. v. Andrews et al., No. 22-13713-D

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby certify that the following persons and entities may have an interest in the outcome of this case:

1.  Alston & Bird LLP, *counsel for appellant*;

2.  Anand, Hon. Justin S., *United States Magistrate Judge*;

3.  Andrews, Jamie Lee, *appellee*;

4.  Autoliv, Inc. (NYSE: ALV), *affiliate of appellant*;

5.  Autoliv Japan, Ltd., *appellant*;

6.  Ballard, William L., *counsel for appellee*;

7.  Ballard & Feagle, LLP, *counsel for appellee*;

8.  Blackwell, Keith R., *counsel for appellant*;

9.  Butler, James E. Jr., *counsel for appellee*;

10. Butler Prather LLP, *counsel for appellee*;

11. Cannella Snyder LLC, *counsel for appellee*;

12. Canella, Tedrea L., *counsel for appellee*;

13. Carr, Christopher M., *counsel for intervenor State of Georgia*;

14. Chaplain, Brooke H., *counsel for intervenor State of Georgia*;

Autoliv Japan, Ltd. v. Andrews et al., No. 22-13713-D

15. Dearing, Andrew F., *counsel for intervenor State of Georgia*;

16. The Estate of Micah Lee Andrews, by and through Jamie Lee Andrews as administrator, *appellee*;

17. Feagle, Gregory R., *counsel for appellee*;

18. Hergenrother, Jenny A., *counsel for appellant*;

19. Jones, Hon. Steve C., *United States District Judge*;

20. Office of the Georgia Attorney General, *counsel for intervenor State of Georgia*;

21. Repko, Williams J. III, *counsel for appellant*;

22. Scribner, Doug, *counsel for appellant*;

23. The State of Georgia, *intervenor*;

24. Weeks, Rory A., *counsel for appellee*; and

25. Winkles, Logan B., *counsel for intervenor State of Georgia*.

# ARGUMENT

The Court should grant the State's motion to intervene for the reasons stated in its motion, and with respect to timeliness and the State's interest, there is no need to respond to Plaintiff-Appellee Jamie Lee Andrews's opposition. But to ward off any confusion about the state statute at issue here, it is worth responding to the Parties' plain misunderstanding of the text.

The Georgia statute that grants the State an interest in this case decidedly does *not* prohibit the State from intervening or becoming a party. Appellee Opp. Br. at 7–10; Appellant Opp. Br. at 1. Instead, the statute merely clarifies that the State does not *automatically* become a party in interest simply because it is a judgment creditor to seventy-five percent of the punitive damages award.

The statute provides that "[t]his paragraph shall not be construed as making the state a party at interest and the sole right of the state is to the proceeds as provided in this paragraph." O.C.G.A. § 51-12-5.1(e)(2). This means that products liability litigants need not name the State in trial pleadings where punitive damages are claimed. It also means that the State is not *required* to become a party simply by virtue of being a judgment creditor of the punitive award. Likewise, the State does not *automatically* become a party. Nor does it provide the State a cause of action to

1

assert its *expectancy* interests before trial judgment. Rather, the State's "sole right" is to the punitive damages proceeds "upon issuance of judgment" — a judgment now under constitutional attack. O.C.G.A. § 51-12-5.1(e)(2).

After the trial court issued its judgment of punitive damages, the right of the State to seventy-five percent vested. O.C.G.A. § 51-12-5.1(e)(2). The State then "shall have all rights due a judgment creditor until such judgment is satisfied and shall stand on equal footing with the plaintiff . . ." *Id.* As explained, this statute applies automatically upon judgment. And with no interest to assert pre-judgment, now is the only time to intervene. Mot. at 3–4.

Simply put, the statute does not require the State *or* preclude the State from becoming a party on appeal. If the text prohibited post-judgment intervention as the Parties read it, that would be one thing, but the plain text does not even suggest any such reading.[1] Under their flawed interpretation, the State would have *less* ability to intervene as a judgment creditor than in a more

---

[1] *See, e.g., Campaign for Accountability v. Consumer Credit Research Found.*, 303 Ga. 828, 831 (2018) (refusing to read prohibitions into statute, explaining, "[o]wners of vehicles that are *exempt* from emissions testing requirements are not *prohibited* from testing their vehicles' emissions. If a teacher tells his students that an extra credit assignment is not *required*, a student who completes the work would be quite annoyed if the teacher rejected it as *prohibited*.").

routine case where its interest is less direct. *See, e.g., Ga. v. United States Army Corps of Eng'Rs*, 302 F.3d 1242, 1250–52 (11th Cir. 2002) (allowing Florida's intervention, finding its "downstream interests" in Georgia's river water allocation that would eventually affect Florida's river sufficiently direct).[2] But this Court does not have look downstream to find the State's interest in this case because its interest is in the judgment itself. *See Cisson v. C.R. Bard, Inc.*, 810 F.3d 913, 917 (4th Cir. 2016) (after Georgia Attorney General intervened, observing that upon judgment at trial, "[t]he punitive damages award was split pursuant to a Georgia statute, with seventy-five percent going to the State of Georgia and twenty-five percent going to [the plaintiff]").

The Attorney General is authorized to defend the State's interest, which, as explained (Mot. at 6–7), is different from Andrews's interest, and enforce state law. *See Southern v. Plumb Tools*, 696 F.2d 1321, 1323 (11th Cir. 1983) (observing intervention may be necessary to ensure substantive state laws are enforced). Indeed, that the Parties oppose this intervention and one having at least suggested that she could "settle her case without the State's consent" affirms that the State was correct that it needs to

---

[2] *See also Leone Hall Price Found. v. Baker*, 276 Ga. 318, 318 (2003) (Georgia Attorney General and Revenue Commissioner intervening to protect interests of unnamed charitable trust beneficiaries).

intervene to protect its interest. *See* Appellee Opp. Br. at 13.[3]

Nothing in O.C.G.A. § 51-12-5.1(e)(2) strips this Court of its

inherent authority to grant intervention.

   The Court should grant the State of Georgia's motion to

intervene.

   Respectfully submitted, this 20th day of February, 2023.

                                                        */s/ Andrew F. Dearing*

| | |
|---|---|
| Office of the Georgia | Christopher M. Carr         112505 |
| Attorney General | *Attorney General of Georgia* |
| 40 Capitol Square, SW | Logan B. Winkles              136906 |
| Atlanta, Georgia 30334 | *Deputy Attorney General* |
| (404) 458-3284 | Brooke Heinz Chaplain     927752 |
| adearing@law.ga.gov | *Sr. Assistant Attorney General* |
| | Andrew F. Dearing            909166 |
| | *Assistant Attorney General* |
| | |
| | *Counsel for State of Georgia* |

---

[3] *See Ellis v. United States*, No. 1:06-CV-363-GET, 2006 U.S. Dist.
LEXIS 65528, at *5 (N.D. Ga. Sep. 14, 2006) (allowing intervention as of
right where "movants' interest under Georgia law may be impaired if
the Plaintiff receives an award by settlement or judgment without
movants' knowledge or participation."); *Chiles v. Thornburgh*, 865 F.2d
1197, 1214 (11th Cir. 1989) (intervenor's interests "need not, however,
be of a legal nature identical to that of the claims asserted in the main
action") (quotation and citation omitted).

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Rule 27(d)(2) of the Federal Rules of Appellate Procedure because it contains 827 words as counted by the word-processing system used to prepare the document.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Century Schoolbook 14-point font.

This 20th day of February, 2023.

*/s/ Andrew F. Dearing*
Andrew F. Dearing
Georgia Bar No. 909166

## CERTIFICATE OF SERVICE

I hereby certify that on February 20th, 2023, I served this Reply Supporting the State's Motion to Intervene by electronically filing it with this Court's ECF system, which constitutes service on all attorneys who have appeared in this case and are registered to use the ECG system.

James E. Butler, Jr.
BUTLER PRATHER LLP
2719 Buford Highway
Atlanta, Georgia 30324

Michael B. Terry
Frank M. Lowrey IV
BONDURANT MIXON
& ELMORE, LLP
1201 W. Peachtree St. NW
Atlanta, Georgia 30309

Tedra Cannella
Rory Weeks
CANNELLA SNYDER LLC
P.O. Box 1399
Decatur, Georgia 30031

Doug Scribner
Keith R. Blackwell
Jenny A. Hergenrother
William J. Repko III
ALSTON & BIRD LLP
1201 W. Peachtree St.
Atlanta, Georgia 30309

William L. Ballard
Gregory R. Feagle
BALLARD & FEAGLE, LLP
4200 Northside Parkway NW
Atlanta, Georgia 30327

/s/ Andrew F. Dearing
Andrew F. Dearing
Georgia Bar No. 909166